UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVENTRY ENTERPRISES LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SILVERADO GOLD MINES, LTD.,<br><br>    Defendant. | Case No. 14-mc-80155-WHA (JSC)<br><br>**ORDER RE: APPLICATION FOR AN ORDER PRESERVING TITLE TO THE DOMAIN NAME, SILVERADO.COM, AND ALL OTHER DOMAIN NAMES OWNED OR CONTROLLED BY THE JUDGMENT DEBTOR, AND APPOINTING A RECEIVER TO AUCTION DOMAIN NAMES AND DISTRIBUTE PROCEEDS TO JUDGMENT CREDITOR**<br><br>Re: Dkt. No. 2 |

      Now pending before the Court is Plaintiff Coventry Enterprises LLC's application for 1) an order perserving title to the domain name, Silverado.com, and all other domain names owned or controlled by the judgment debtor, Defendant Silverado Gold Mines, Ltd., and 2) an order appointing a receiver to auction domain names and distribute proceeds to Plaintiff. (Dkt. No. 2.) Defendant has not responded to the application or otherwise communicated with the Court. After carefully considering Plaintiff's submissions, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7–1(b), and orders as follows.

      Plaintiff obtained a default judgment against Defendant in the amount of $361,197.85 from the United States District Court for the Southern District of New York. (Dkt. No. 1.) Plaintiff subsequently registered that judgment in this District. Plaintiff's pending motions were then referred to the undersigned for disposition. (Dkt. No. 5.)

      Federal Rule of Civil Procedure 69 governs execution of money judgments in federal court:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—

> must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1).

Plaintiff's first request for a preservation order fails to identify a state procedure or federal statute that governs such orders. Plaintiff's sole statutory citation refers to appointment of a receiver, not issuance of a preservation order. To the extent Plaintiff asserts that the Court may rely on its "inherent powers" (Dkt. No. 2 at 2), Plaintiff fails to identify the source of such powers with respect to the requested preservation order. Plaintiff's request for a preservation order is therefore denied without prejudice.

Plaintiff's request for an appointment of a receiver is also deficient. As noted above, "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a). The Ninth Circuit, however, "do[es] not interpret the exception to execution to permit a federal court to enforce a money judgment by contempt or methods other than a writ of execution, except in cases where established principles so warrant." *Hilao v. Estate of Marcos*, 95 F.3d 848, 854 (9th Cir. 1996) (internal quotation marks omitted). Plaintiff is not seeking to enforce the money judgment through a writ of execution; rather, he is requesting the appointment of a receiver. Plaintiff has failed to identify, however, "established principles" that warrant applying the exception. In any event, such a task is doubtful given that the Ninth Circuit has held that in California "domain names are intangible property subject to a writ of execution." *Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 702 (9th Cir. 2010.) To be sure, appointment of a receiver can be undertaken "in aid of execution," *id.* at 700; *see also* Fed. R. Civ. P. 69(a)(1), but Plaintiff fails to identify any caselaw or statute that provides that an appointment of receiver may replace a writ of execution for purposes of Rule 69. In *Zuccarini*, the case upon which Plaintiff relies, the court first issued a writ of execution. *See Office Depot Inc. v. Zuccarini*, No. 06-mc-80356 SI (N.D. Cal.) (Dkt. Nos. 3; 11 at 2). Because Plaintiff has not moved for and received a writ of execution, his application to appoint a receiver is procedurally improper.

Even if Plaintiff did apply for a writ of execution, the record does not currently support granting a writ. "[California Code of Civil Procedure Section] 699.510(a) provides that the appropriate place to direct a writ of execution is the county where the levy is to be made . . . ."

2

*Zuccarini*, 596 F.3d at 701. Specifically, "after entry of a money judgment, a writ of execution shall be issued by the clerk of the court upon application of the judgment creditor and shall be directed to the levying officer in the county where the levy is to be made and to any registered process server." Cal. Code Civ. P. § 699.510(a). The Ninth Circuit has held that for purposes of execution under California law, as well as *in rem* jurisdiction, domain names "are located where the registry is located."[1] *Zuccarini*, 596 F.3d at 703. As explained by the *Zuccarini* court, registries are one of three primary actors in the domain name system:

> First, companies called "registries" operate a database (or "registry") for all domain names within the scope of their authority. Second, companies called "registrars" register domain names with registries on behalf of those who own the names. Registrars maintain an ownership record for each domain name they have registered with a registry. Action by a registrar is needed to transfer ownership of a domain name from one registrant to another. Third, individuals and companies called "registrants" own the domain names. Registrants interact with the registrars, who in turn interact with the registries.

596 F.3d at 699. Plaintiff asserts that Verisign is the registry for the domain name at issue.[2] (Dkt. No. 2 at 2.) Plaintiff further asserts that Verisign is located in this judicial district. (*Id.*) Plaintiff, however, provides no declaration in support of this bald assertion; instead, it relies entirely on a statement in a 2010 case that at that time Verisign was headquartered in Mountain View, California in this District. *See Zuccarini*, 596 F.3d at 699. A search in the California Secretary of State's database, however, reveals that Verisign is actually a Delaware corporation now headquartered in Virginia. *See* http://kepler.sos.ca.gov/. Plaintiff also fails to provide the location of the registrar of the domain name. Because the current record does not support a finding that the domain name is located in this District, a writ of execution may not issue under Section 699.510(a), even if Plaintiff had applied for one.

## CONCLUSION

If Plaintiff seeks to continue enforcement of its judgment in this District, Plaintiff shall file

---

[1] The Court also noted that, "[a]lthough the question is not directly before us, we add that we see no reason why for that purpose domain names are not also located where the relevant registrar is located." *Zuccarini*, 596 F.3d at 703.

[2] Plaintiff also seeks an appointment of a receiver for other, undisclosed domain names owned by Defendant. Plaintiff, however, does not state what registry operates those domain names.

3

a new application that seeks issuance of a writ of execution, in addition to a request for appointment of receiver and a preservation order, that pertains to execution of property located in this District. Plaintiff shall also identify the basis for the requested preservation order. Plaintiff's new application, if any, shall be filed within 20 days of the date of this Order. If no application is filed by that date, the case shall be closed.

**IT IS SO ORDERED.**

Dated: July 9, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4